I have examined the evidence with care, and am of the opinion that the opposing creditors, upon whom the burden of proof rests, have failed to establish the truth of these specifications. It does not appear that Stephen H. Condict was a creditor of the firm when the sale of the merchandise was made to him, and if he had been, such a transfer, two or three years before the petition in bankruptcy was filed, was not against the provisions of the bankrupt act in regard to preference to honest creditors. In re Jones [Id. 7,446]. The entries in books complained of, although irregular, seem to have been necessary to make them express the business of the partnership and to conform to the facts of the transactions as they actually existed, and the alleged fraudulent payments, as exhibited in Schedule B, were made to their bona fide creditors in the regular course of their business during the years 1869, 1870, and 1871, before any act of bankruptcy is shown to have been committed. The petitioner is entitled to his discharge.

CONDON v. MURRAY. See Case No. 5,193.

## Case No. 3,095.

In re CONE et al.

[2 Ben. 502;[1] 2 N. B. R. 21 (Quarto, 10).]

District Court, S. D. New York. Aug., 1868.

PLEADING IN BANKRUPTCY—FRAUDULENTLY STOPPING PAYMENT.

Where a petition in involuntary bankruptcy alleged as an act of bankruptcy that the debtors had "fraudulently stopped and suspended, and not resumed payment of their commercial paper for a period of fourteen days," but no facts were stated in the petition or in the affidavit which accompanied it, to show that such stoppage, &c., were fraudulent, held, that no order to show cause could be issued.

[Cited in Baldwin v. Wilder, Case No. 806; Re Hercules Mut. Life Assur. Soc., Id. 6,-402.]

In bankruptcy. This was an application for an order to show cause why the debtors should not be adjudged bankrupts. The petition was filed by Wright Gillies and James M. Gillies, and alleged that they were creditors of William S. Cone and William M. Morgan, and that in April last said Cone & Morgan made in their favor a promissory note, payable in two months, for $618.19; that at the time said note became due, payment was demanded and refused; and that within six months before the filing of the petition, the said Cone & Morgan suspended payment of their commercial paper for a period of fourteen days.

BLATCHFORD, District Judge. The petition merely states a legal conclusion that the debtors "have fraudulently stopped and suspended, and not resumed payment of their commercial paper, for a period of fourteen days." This is stated substantially in the language of the thirty-ninth section [of the act of 1867 (14 Stat. 536)]. The affidavit to sustain the allegations of the petition merely states the same legal conclusion. The stoppage and non-resumption are sufficiently shown, but no facts are set forth to judicially satisfy the court that such stoppage and non-resumption were fraudulent. Mere stoppage and non-resumption for fourteen days are not sufficient, nor is fraud inferable therefrom. The order to show cause is refused.

## Case No. 3,096.

CONE v. MORGAN ENVELOPE CO.
SAME v. WHITING PAPER CO.
SAME v. POWERS.

[4 Ban. & A. 107;[1] Fent. Pat. 63.]

Circuit Court, D. Massachusetts. Jan., 1879.

PATENTS—"RULED PAPER"—VALIDITY—INVENTION.

1. Embossed lines on writing paper being old, and ogee lines embossed on paper being also old, the mere change of the spaces of the ogee lines, so that they might be used for writing paper, does not constitute invention.

2. Mechanical and design patents, distinguished.

3. Letters patent No. 158,249, granted to Henry D. Cone, December 29th, 1874, for ruled paper, held invalid.

[In equity. Bills by Henry D. Cone against the Morgan Envelope Company, by same against the Whiting Paper Company, and by same against Lewis J. Powers, to restrain infringement of patent.]

Causten Browne and Chas. F. Blake, for complainant.

J. P. Buckland and A. K. P. Joy, for defendants.

LOWELL, Circuit Judge. The case numbered last upon the docket is named first, because most of the evidence was taken in that case, though all three were argued together.

It appears by the bill that the plaintiff, Cone, took out two patents; one for a new article of writing paper, and the other for an improvement in the method of making the paper. The plaintiff proceeded against the Morgan Envelope Company upon both of his patents, and, a demurrer for multifariousness having been interposed, he amended his bill, giving in evidence only patent No. 158,249, dated December 29, 1874, in which the claim is: "As a new article of manufacture, writing-paper whereof the lines are embossed by or with an ogee pattern, which exposes a like face on opposite sides."

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]